UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY a/s/o
PETZOL INTERNATIONAL,                         Docket No.: 08 CV 3390 (JSR)

        Plaintiff,

  -against-                                          **ANSWER**

ALITALIA CARGO, a division of ALITALIA SPA,

        Defendant.
------------------------------------------------------------------X

    DEFENDANT, ALITALIA-LINEE AEREE ITALIANE S.p.A., incorrectly sued herein as "ALITALIA CARGO, a Division of ALITALIA SPA" (hereinafter, "ALITALIA"), by and through its undersigned attorneys, as and for its Answer to the Complaint herein, alleges the following upon information and belief:

    1.    ALITALIA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "1", "2", "4", "5", "7" and "8" of the Complaint.

    2.    ALITALIA denies each and every allegation set forth in Paragraph "3" of the Complaint except admits that it is a foreign corporation or other business entity with a place of business located at John F. Kennedy International Airport, North Boundary Road, Cargo Building 79, Jamaica, New York, 11430 and does business within the jurisdiction of this Honorable Court.

    3.    ALITALIA denies each and every allegation set forth in Paragraphs "6" and "9" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    4.    The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of a treaty of the United States commonly known

as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 ("Montreal Convention") and the rights of the parties are subject to the provisions of said Montreal Convention. Accordingly, the liability of defendant, if any, is limited in accordance with the provisions of the Montreal Convention.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Alleges that the liability of Alitalia, if any, is partial only and limited pursuant to Article 22 of the Montreal Convention and/or Alitalia's Conditions of Contract.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. Plaintiff lacks capacity and standing to sue Alitalia.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. There was no occurrence within the meaning of Article 18 of the Montreal Convention that caused any damage during the transportation by air as defined by said article and, therefore, defendant Alitalia is not liable to plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. Plaintiff failed to provide a notice of claim within the time or in the manner required by Article 31 of the Montreal Convention and, therefore, defendant Alitalia is not liable to plaintiff.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

9. Plaintiff failed to provide a notice of claim within the time or in the manner required by Alitalia's Conditions of Contract and, therefore, defendant Alitalia is not liable to plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. Pursuant to the provisions of the Montreal Convention and/or Alitalia's conditions of contract, defendant Alitalia is not liable to plaintiff.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

11. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

12. The plaintiff failed to take measures to mitigate its damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

13. Any damages sustained by plaintiff were due to its own negligence, misrepresentations and/or breach of the contract of carriage.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

14. The alleged damages complained of were caused by the negligence of parties other than defendant Alitalia and for whom Alitalia is not responsible and, therefore, Alitalia is not liable to plaintiff.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

15. The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom defendant Alitalia had no control at any time relevant hereto, and in the event Alitalia is found liable to plaintiff, which liability is expressly denied, Alitalia will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

16. The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of defendant Alitalia

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

17. The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by defendant Alitalia or by a person for whom Alitalia is

responsible

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18. Defendant Alitalia has performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by Alitalia, in accordance with such terms and conditions of contract.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's damages resulted from one or more of the following: inherent defect, quality or vice of the cargo; defective packing of the cargo performed by a person other than Alitalia; an act of war or armed conflict; and/or an act of public authority carried out in connection with the entry, exit or transit of the cargo.

**WHEREFORE,** defendant ALITALIA demands judgment dismissing the Compliant in its entirety, or, in the alternative, limiting its liability, if any, in accordance with the foregoing, together with the costs and disbursements of this action.

Dated: New York, New York
       May 9, 2008

                                        KAPLAN, von OHLEN & MASSAMILLO, LLC


                                        By:            /S/
                                            Nicholas E. Pantelopoulos (NP-4969)
                                            Jennifer Huang (JH-4532)
                                            555 Fifth Avenue, 15th Floor
                                            New York, NY 10017
                                            Attorneys for Defendant

TO:   Martin F. Casey
      CASEY & BARNETT, LLC
      317 Madison Avenue, 21st Floor
      New York, New York 10017